### STATE OF CONNECTICUT *v.* ROBERT L. SMITH (2861)

BORDEN, DALY and BIELUCH, Js.

Argued March 21—decision released June 17, 1986

---

*Robert J. Sweeney,* assistant public defender, with whom, on the brief, was *Susan M. Hankins,* assistant public defender, for the appellant (defendant).

*Julia DiCocco Dewey,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Robert J. Devlin,* assistant state's attorney, for the appellee (state).

BIELUCH, J. The defendant, Robert L. Smith, was convicted by a jury of robbery in the first degree, a violation of General Statutes § 53a-134 (a) (4). He appeals from the judgment of conviction and claims only that the court erred by failing to charge the jury that identification was an essential element of the crime charged and that the state had the burden to prove identity beyond a reasonable doubt. We find no such error.

The jury could have reasonably found these facts relevant to this appeal: On March 2, 1982, at about 11 p.m., a robbery occurred at Martin's Grocery Store, a small store located at 291 Dixwell Avenue in New Haven. This robbery was committed by two men, one of whom carried a shotgun with which he confronted Milton Martin, the son of the owner and then in charge of the business. Two women, Arlene Lewis and Beverly Rochester, were present in the front of the grocery store. Rochester was confronted by the other participant in the robbery, later identified as the defendant, when he directed her to remain as she attempted to leave through the front door. She "was standing beside him face to face sidewise," close enough to touch each other. When the gunman threatened to shoot Martin if he did not "come up with the rest of the money," Rochester placed her wallet on the counter, but the rob-

ber next to her told her to put her money away. As he spoke to her, he dropped the jacket lapel he had held covering his mouth. The entire incident lasted between five and seven minutes.

After Martin called his brother to the scene, they accompanied Lewis and Rochester to the police station to report the robbery. The witnesses described the two robbers, but only Rochester was able to make an identification of the defendant from photographs in an array. The identified photograph, signed by her at 11:46 p.m. on the same evening, was introduced into evidence. On April 1, 1982, Rochester was shopping with a girlfriend in a supermarket on Whalley Avenue when she recognized the defendant with his girlfriend. The identification was reported to a police officer present in the store who arrested the defendant.[1] Her final identification of the defendant, the third after the robbery, was made in court during the trial.

The essence of the defense was that the defendant had been mistakenly identified. The defendant's only witness was Arlene Lewis who knew the defendant as a former neighbor on the block. She testified that the defendant was not one of the two robbers who had committed the crime for which he was on trial. On cross-examination, she admitted that she was farther away from the man in question than Rochester was, and that, as soon as she realized that a robbery was in progress, she picked up a book and began reading it so as not to become involved.

---

[1] Rochester informed a police officer on duty, stationed at the supermarket, that she just saw the man who had robbed Martin's Grocery Store. The officer approached the man indicated by Rochester and requested identification. The man was identified as Robert L. Smith, the defendant. A check by the officer with the police department revealed that a warrant had been issued for Smith's arrest on a charge of robbery. The police officer then placed Smith under arrest and advised him of his constitutional rights.

The defendant's only claim of error alleges that the trial court's charge to the jury was defective because it failed to instruct the jury that identification was an essential element of the crime charged, and that the state had the burden to prove the identification of the defendant as one of the robbers beyond a reasonable doubt.[2] The defendant argues that the failure to include a specific instruction concerning the issue of identification may have given the jury the mistaken belief that the defendant bore the burden of proving that he was not involved in the robbery.

It is axiomatic that a jury must find that the defendant on trial before it was the person who committed the alleged offense in order to render a verdict of guilty. The trial court, in this case, properly instructed the jury that the state bore the sole burden of proving beyond a reasonable doubt that the defendant participated in the robbery. The trial court instructed the jury in detail on the presumption of innocence, stating that the defendant "then was innocent and continues to be innocent until such time as the evidence and the matters produced here in the ordinary conduct of trial satisfies you beyond a reasonable doubt that he is guilty." It explicitly stated that "[t]he accused does not have to prove [that] he did not commit the offense. The state must prove that he did. The presumption of innocence applies to each and every element of the crime. . . . Its only effect is to place upon the state the burden of proving the defendant guilty beyond a reasonable doubt." The defendant's argument is without any substance. It completely lacks foundation and displays a

---

[2] The defendant's preliminary statement of issues includes five specific claims of error, only one of which has been properly presented for appellate review. The claim of an erroneous jury charge is the only one briefed and argued before this court. Therefore, it is that issue alone that we shall address. All of the remaining issues are considered abandoned. *State* v. *Davis*, 190 Conn. 327, 333 nn. 4, 5, 461 A.2d 947, cert. denied, 464 U.S. 938, 104 S. Ct. 350, 78 L. Ed. 2d 315 (1983).

lack of confidence in the jury's understanding of its duties and its instructions from the court.

It should be observed that this was not a case where " 'the special difficulties often presented by identification testimony . . . require additional information be given to the jury in order . . . to repose confidence in their ability to evaluate the reliability of the identification.' *United States* v. *Telfaire*, [469 F.2d 552, 556 (D.C. Cir. 1972)]." *State* v. *Harrell*, 199 Conn. 255, 270–71, 506 A.2d 1041 (1986). Furthermore, the defendant never requested that the trial court instruct the jury on identification. See *United States* v. *Telfaire*, supra.

Rochester was able to observe the defendant from close view during the robbery. As he kept her from rushing out of the store by blocking her path, she testified "we could kiss right there." She identified the defendant's picture from a photo array about one-half hour after the robbery. About thirty days later, she identified him in person in a supermarket. On this occasion, he appeared to recognize her and showed agitation.

In light of all the facts and circumstances of this case, we find that the trial court's charge " 'gave the jury a clear understanding of the elements of the crime charged and the proper guidance to determine if those elements were present.' *State* v. *Avila*, 166 Conn. 569, 574, 353 A.2d 776 (1974)." *State* v. *Gabriel*, 192 Conn. 405, 416, 473 A.2d 300 (1984). The instructions were correct in law and fairly presented the case to the jury. *State* v. *Harrell*, supra, 271.

There is no error.

In this opinion the other judges concurred.